08-4619-ag
Prenqi v. Holder

BIA
Videla, IJ
A 097 479 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
>      JOSÉ A. CABRANES,
>      RICHARD C. WESLEY,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges.*

_____

MARJETA PRENQI,
>      *Petitioner,*

>           v.                                    08-4619-ag
>                                                 NAC

ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:      Joshua E. Bardavid, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**            Tony West, Assistant Attorney
                              General; Michelle Gorden Latour,
                              Assistant Director; Kimberly A.
                              Burdge, Trial Attorney, Office of
                              Immigration Litigation, Civil
                              Division, Department of Justice,
                              Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marjeta Prenqi, a native of the former Yugoslavia, seeks review of the September 5, 2008, order of the BIA affirming the August 30, 2006, decision of Immigration Judge ("IJ") Gabriel C. Videla denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Marjeta Prenqi*, No. A 097 479 957 (B.I.A. Sept. 5, 2008), *aff'g* No. A 097 479 957 (Immig. Ct. N.Y. City Aug. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ's adverse credibility determination was supported by substantial evidence. As a preliminary matter, Prenqi does not challenge the IJ's findings that: (1) her inability to recall the number of meetings she attended in Kosovo without repeated prompting from her attorney undermined her credibility; (2) her statement in her asylum application that "there were several attempts" to kidnap her "by using opium" was inconsistent with her testimony that she did not know of any such attempts; and (3) her testimony was inconsistent with the country conditions evidence in the record. Those findings therefore stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings Prenqi does challenge, each was proper. The IJ did not err in failing to consider the Dolan affidavit, which stated that Prenqi suffered from post-traumatic stress disorder and depression. Although Prenqi contends that she submitted the affidavit as an explanation for her inability to testify coherently, she never presented that explanation to the IJ, raising it for the first time in her appeal to the BIA. At the time the IJ

3

rendered his oral decision, the affidavit was merely one of several documents in the record, and the IJ was not required to discuss it individually. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Assuming, *arguendo*, that Prenqi did in fact offer the affidavit to explain her testimonial difficulties, the IJ was not required to credit that explanation because the affidavit does not state that Prenqi would have any difficulty speaking clearly, recalling events accurately, or testifying consistently. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ also did not err in finding that Prenqi's "unresponsive" testimony undermined her credibility because it suggested that she "may not be testifying from actual experience, [and] that she just basically memorized certain information and she is intent on relating that information regardless of the question." *In the Matter of Marjeta Prenqi*, No. A 097 479 957, at 12 (Immig. Ct. N.Y. City Aug. 30 2006). We accord particular deference to such assessments of an applicant's demeanor. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006). In addition,

4

the IJ reasonably relied on a discrepancy between Prenqi's asylum application, which stated that she hid from potential kidnapers at her uncle's house, and her testimony that she actually stayed at her cousin's house as a basis for his adverse credibility determination.  Although Prenqi argues that the inconsistency is too "minor and peripheral" to reflect negatively on her credibility, the IJ did not err in considering this inconsistency cumulatively with several other omissions and inconsistencies in making his adverse credibility determination.  *Id.* at 402.

Ultimately, the IJ's credibility determination was supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007).  Therefore, the IJ did not err in denying Prenqi's application for asylum and withholding of removal because the only evidence that Prenqi would be persecuted or tortured depended on her credibility.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Prenqi also waived any challenge to the IJ's denial of her application for CAT relief by not sufficiently arguing the issue in her brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is

5

DENIED.  As we have completed our review, Prenqi's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk